**UNITED STATES of America**

v.

**Robert A. LEBOVITZ.**

**Crim. No. 80–148.**

United States District Court,
W. D. Pennsylvania.

Nov. 25, 1980.

Thomas W. Corbett, Jr., Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

James K. O'Malley, Livingston, Miller, O'Malley & Clark, Pittsburgh, Pa., for defendant.

## MEMORANDUM

MARSH, District Judge.

The defendant, Robert A. Lebovitz, has been named in an indictment charging him with one count of conspiracy in violation of 18 U.S.C. § 371 and with thirteen counts of mail fraud in violation of 18 U.S.C. § 1341. Defendant has moved to suppress certain evidence seized by federal agents during a search of his office at 2018 Monongahela Avenue, Pittsburgh, Pennsylvania, on July 26, 1979. In support of his motion to suppress, defendant asserts that the warrant was issued without sufficient probable cause, that the affidavit supporting the warrant contained material misrepresentations of fact, and that the warrant authorized an unduly broad and general search in violation of defendant's Fourth Amendment rights.

After hearing and review of the briefs submitted, we find that the motion to suppress should be denied.

■ Defendant contends that to establish probable cause for the granting of a search warrant, the affidavit must provide some reasonable basis for the magistrate to infer that the law firm of Lebovitz, Lebovitz and Kwall, or some member thereof, had knowledge that certain medical bills were false and inflated and with this knowledge, said bills were submitted to insurance companies to increase the value of a case. A review of the affidavit in support of the warrant shows that such an inference can be drawn. Paragraph six of the affidavit reads as follows:

"Dr. Pincus was interviewed on June 28, 1978 and July 20, 1979 and advised that in 1969 or 1970 he began treating patients that were referred to him by Attorney Robert Lebovitz and Louis Kwall of the Lebovitz, Lebovitz and Kwall Law Firm. The patients were involved in accidents and represented by the law firm in their claims against insurance companies. Dr. Pincus stated that he furnished the Law Firm of Lebovitz, Lebovitz and Kwall false and inflated medical bills and physicians reports relative to purported injuries and treatment of the patients represented by Robert Lebovitz and/or Louis Kwall. Dr. Pincus further stated that on occasions (two or three times) Louis Kwall came to Dr. Pincus' office to obtain bills and physicians reports on clients represented by Lebovitz, Lebovitz and Kwall. Dr. Pincus stated he prepared inflated bills and reports in the presence of Attorney Kwall by recording treatment dates selected at random from a calendar."

From reading the above quoted paragraph, a magistrate could reasonably infer that some member of the law firm had knowledge that the bills were inflated. From a review of the entire affidavit, a magistrate could readily find probable cause for the issuance of a search warrant.

■ Defendant contends that the affidavit contains material misrepresentations of fact. The affidavit in paragraph five refers to another affidavit by the same affiant relying on the same or similar information which had previously been found sufficient to grant a search warrant in a prior criminal matter. Defendant contends that affiant knew there was a substantial and critical difference in the two situations in that the prior affidavit alleged an agreement between Dr. Pincus and the party charged when no agreement is alleged in the affidavit in this matter. Defendant contends that this misrepresentation is material in that it suggests that the warrant has already received approval of a reviewing court and, therefore, the independent judgment of the issuing magistrate was replaced by the judgment of another court. We disagree with this conclusion. There were sufficient facts alleged in the affidavit to support the magistrate's granting of the search warrant with or without paragraph five and with or without the allegation that an agreement existed between the defendant and Dr. Pincus.

Further, we find no merit to defendant's contention that the number of legitimate bills was mistated. There is no evidence that this error was made knowingly or intentionally or with reckless disregard for the truth.

As to defendant's final contention, we do not consider the warrant a general warrant in violation of the Fourth Amendment. The warrant is specific as to the place to be searched and the particular client files involved. The warrant only permits the seizure of twenty-five client files which are specifically named. In a law firm with hundreds of files, we do not find such a search to be general or exploratory. Cf. *Andersen v. Maryland*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976).

An appropriate order will be entered denying the motion to suppress.